COMPLAINT FOR DECLARATORY JUDGEMENT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
FEB 11 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Bryce Plumb,
Plaintiff,

v

BRADEN BOUCEK, in his official capacity as the U.S. Attorney for the Middle District of Tennessee,

MARK WILDASIN, in his official capacity as the Assistant U.S. Attorney for the Middle District of Tennessee,

Defendants

Case No : [To Be Assigned]

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiff Bryce Plumb, a citizen of the United States and resident of Tennessee, brings this action for declaratory judgment pursuant to Article IV, Section 4 of the U.S. Constitution against Defendants Braden Boucek and Mark Wildasin in their official capacities. Plaintiff seeks a declaration that Defendants' actions have violated their oath of office as bound by Article IV of the U.S. Constitution under 5 U.S.C. § 3331, and denied a republican form of government under Article IV, Section 4 of the U.S. Constitution.

2. The U.S. Constitution, through Article IV, Section 4, guarantees to every state in this union a republican form of government. This guarantee shall not be construed to deny or disparage other rights retained by the people under the Ninth Amendment, U.S. Const. amend. IX. The power to enforce a republican form of government is not delegated to the United States Government by the Constitution, nor prohibited by it to the States, and the powers to enforce this guarantee are reserved by the States respectively, or the People, U.S. Const. amend. X. This guarantee protects the 1st Amendment right to petition for a redress of grievances and seek remedy for violations of the Republican Form of Government, a right entitled to equal protections under the Due Process Clause of the Fifth Amendment

3. All legal authority in the United States is derived from the Constitution, by the People and for the People. The U.S. Constitution, through Article IV, Section 4, guarantees to every State a republican form of government. If the guarantee clause is not honored or a civil officer is found

to be in violation of this guarantee clause, through a pattern of Constitutional violations that undermine the constitutional and political power of the people, it is a breach of material contract and legal authority is subject to nullification by court order. Failure to uphold this Guarantee is to forfeit all legal authority over the People This guarantee is legally binding between the United States Government, the States respectively, and the People This guarantee is self executing and does not require further action post forfeiture of office for violations of the guarantee clause

4 The Defendants have breached their oaths and denied this guarantee through a pattern of actions that prioritize personal and political interests over constitutional fidelity Both of the Defendants have denied and disparaged the plaintiffs rights and usurped powers that are not delegated to the United States This complaint is brought forth during ongoing litigation in another case, Plumb v Trump et al (3 25-cv-01248, MDTN) The defendants are continuing to deny and disparage his rights, usurp non-delegated powers, violate their oaths of office, deny a republican form of government, and even commit crimes, such as felonies, in an attempt to do so The judicial power of this court shall not be construed to deny or disparage the plaintiffs right to have these Defendants referred for criminal prosecution upon the alleged violations being proven to have violated federal law

5 Plaintiff's standing derives from 1st Amendment Enumerated rights, the Ninth Amendment's retained rights, injured by Tenth Amendment usurpation, violating Article IV, Section 4's legally binding guarantee, remediable under Fifth Amendment due process, and is due equal protections as a citizen under the 14th Amendment.

## PARTIES

6 Plaintiff Bryce Plumb, age 22, has a mailing address at PO Box 111042, Nashville, TN 37222-9998 He is a citizen of the United States and retains all rights not delegated, including the right to a republican form of government untainted by usurpation.

7 Defendant Braden Boucek is the U S Attorney for the Middle District of Tennessee, sued in his official capacity for violations of his oath and the republican form guarantee

8 Defendant Mark Wildasin is the Assistant U S Attorney for the Middle District of Tennessee, sued in his official capacity for violations of his oath and the republican form guarantee.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under Article III, Section 2 of the Constitution, which provides that the judicial Power shall extend to all Cases arising under this Constitution and the Laws of the United States An actual controversy exists regarding the defendants' material breaches of their oaths, denial and disparagement of rights, usurpation of non-delegated powers, and denial of the republican form under Article IV, Section 4. Pursuant to 28 U S C § 2201, plaintiff seeks

declaratory relief in this controversy The Court shall exercise its Article III power to grant this relief, as the undersigned judge is bound by oath under Article VI and 5 U S C § 3331 to support and defend the Constitution, bear true faith and allegiance to the same, and faithfully discharge the duties of the office Any denial of relief would construe the Constitution to deny or disparage plaintiff's retained rights under the 9th Amendment and would usurp powers reserved to the people under the 10th Amendment. Therefore, the requested declarations and injunctive relief are not discretionary but constitutionally required to prevent further irreparable harm in his district and uphold the supreme law

10  Venue is proper under 28 U S C § 1391(e)(1)(C) because Plaintiff resides in this District, Defendants reside or are employed in this District, and no real property is involved

**FACTUAL ALLEGATIONS**

11  The U S. Constitution guarantees a republican form of government to every State under Article IV, Section 4. This guarantee shall not be construed to deny or disparage rights retained by the people under the Ninth Amendment, including the right to seek constitutional remedy for violations of the republican form by petitioning to the Government for redress of grievances as written in the 1st Amendment The power to enforce a republican form of government is not delegated to the United States by the Constitution, nor prohibited by it to the States, and the powers reserved to enforce it are reserved to the States respectively, or the People. This right to seek constitutional remedy is entitled to equal protection under the Fifth Amendment's Due Process Clause

12  The republican form of government requires government by the consent of the governed, with officers bound by oath to support the Constitution as bound by Article VI under 5 U.S C § 3331 Violations of this oath breach the condition of authority, denying the republican form.

13  Defendant Mark Wildasin has violated his oath and denied a Republican form of Government by

- a  On January 28th, 2026, by and through the United States Attorney for the Middle District of Tennessee and the undersigned Assistant United States Attorney, Mark Wildasin the undersigned Assistant United States Attorney filed a, "RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EARLY DEFAULT JUDGMENT." This was filed in the ongoing case Plumb v. Trump et al where Plumb is also a plaintiff in that case.

- b. By opposing the Plaintiff's motion, the undersigned attorney proceeded to violate several of his constitutional rights  First and foremost, the Attorney attempted to convey to the judge that he had "not established a right to relief." This is a direct violation of both the 9th amendment and the 10th amendment as Plumb had asserted both a 9th amendment right and a 10th amendment right to receive this relief that is guaranteed by Article IV, Section 4  By arguing that he had not established a right to relief, the Defendant had

directly denied and disparaged his 9th amendment right to seek remedy and attempted to usurp his guaranteed and reserved power under the 10th amendment.

c. The undersigned Attorney then proceeded to argue that the plaintiff had, "not established jurisdiction." This argument was incoherent on its face, as the undersigned Attorney had already stated that he was invoking federal question jurisdiction under 28 U.S.C. § 1331 and was seeking declaratory relief under 28 U.S.C. § 2201. The plaintiff had alleged 11 blatant constitutional violations, all essential to federal jurisdiction, yet the undersigned attorney still argued that he had not shown what was essential to federal jurisdiction. The undersigned Attorney could not show any constitutional or statutory basis for such a claim and therefore was attempting to use irrelevant "case law" to deny and disparage the plaintiffs rights under the 9th amendment and attempting to usurp a non-delegated power under the 10th amendment.

d. While attempting to deny that the Plaintiff had established jurisdiction, the undersigned Attorney began to create what is often called a "straw man" argument. Since the undersigned Attorney was unable to refute any of the allegations that were alleged against the defendants, the undersigned Attorney attempted to insert the United States itself as a party, when in fact it is not a party. By doing so, the undersigned Attorney was attempting to establish sovereign immunity on behalf of the defendants that does not constitutionally exist whether the United States is a party or not. The undersigned Attorney attempted to state that the Plaintiff needed an "APA Waiver" in order to make his claims, although the plaintiff was already using the supreme law and the APA waiver does not apply to his claims. Furthermore, the undersigned attorney cited that the plaintiff could potentially have relief in a claims court, however a claims court is an Article I court. An Article I claims court can not provide the declaratory and injunctive relief that was requested and since the plaintiff is not seeking money, he would not actually be able to be heard in a claims court. This was a materially false representation of his case in an attempt to mislead the court, again violating the 9th amendment and the 10th amendment among other applicable statutes.

e. One of the most egregious violations was the direct 9th Amendment violation that the undersigned Attorney committed by attempting to use case law to construe Article III in a way that would deny and disparage the plaintiffs right. The undersigned attorney first cited a case in regards to something called "Article III standing" and implied that the Plaintiff had not met this requirement. However, there is no such thing as "Article III standing" and the Plaintiff had never claimed to have such standing because it does not exist in the Constitution. Furthermore, the undersigned Attorney claimed that Article III "required" things that are in fact, never written in Article III. Article III does not have requirements for citizens, it is the power that is vested in the judiciary. By citing these cases and making these claims, the undersigned attorney directly violated the 9th amendment in an attempt to construe Article III in a way that would deny the Plaintiff's rights. It is important to note, Mark Wildasin as a prosecutor would likely never construe Article III in such a manner had he been a prosecutor in another case rather than

counsel to the Defendants in this case. It seems like the undersigned Attorney wants to have his cake and eat it too.

f. After stating that the judge could sua sponte dismiss his complaint, with no statutory or constitutional basis to do so, the undersigned Attorney proceeded to state, "For all the foregoing reasons, Plaintiff's motion for Early Default Judgement should be denied." Although it sounds harmless, such a request is not harmless. In the plaintiff's motion, the plaintiff had reminded the undesigned Judge that he is bound by Article VI to support and defend the constitution under 5 U.S.C. § 3331 by granting his default judgement to stop the ongoing and irreparable harm to the Republican Form of Government. If the judge were to not grant this relief, he himself would be denying a Republican Form of Government under Article IV, Section 4, denying and disparaging a retained right under the 9th amendment, usurping a non-delegated power under the 10th amendment, and breaking his oath as bound by Article VI under 5 U.S.C § 3331. This is quite literally the list of violations that the undersigned Attorney asked this judge to commit, with no real constitutional or statutory basis to do so.

g. In the Plaintiff's motion for default judgement and prior to the Defendant's opposition, the Plaintiff raised rule 11 preemptively, warning that if the Defendants opposed the guarantee clause it is a direct breach of the counsel's oath as bound by Article VI under 5 U.S.C § 3331. The Defendants then proceeded to file an evasive opposition anyways, that was made entirely in bad faith, with no constitutional or statutory basis for their claims. This opposition included misleading statements and violations of both the 9th and 10th amendments. By filing such an opposition, the undersigned Attorney willfully violated their oath to support and defend the Constitution and bear true faith and allegiance to the same.

h. However, it does not end there. The plaintiff proceeded to file a motion to strike the opposition and requested sanctions under rule 11 due to the direct breach of the counsel's oath, having already been very clearly warned, and the violation of the 9th amendment on record by construing Article III outside of its text. Upon mailing this filing to the courthouse, the plaintiff emailed the undersigned Attorney a copy of the motion and left him a message suggesting that he should withdraw his opposition and comply with his oath by stipulating to judgement. The plaintiff emailed the undersigned Attorney two more emails as it was en route and upon it being filed by the clerk. In response, the undersigned Attorney proceeded to retaliate against the plaintiff's rights by uploading the emails and 17 pages of his social media content. In one of the emails, the plaintiff made the undersigned Attorney aware that he had violated the guarantee clause and therefore forfeited all of his legal authority. The plaintiff also made a reference to Deutornmy 18, because the plaintiff is a prophet, like Moses. The undersigned Attorney attempted to make this appear threatening and cited a case to imply that the plaintiff should be dismissed with prejudice for "threatening conduct." In the social media posts that were included, the plaintiff firmly expressed that he believed the Department of Justice was committing crimes in an attempt to oppose his motion, crimes that the plaintiff will also

allege in this complaint. The undersigned Attorney retaliated against his 1st Amendment rights by attempting to make him appear threatening. The truth is, the plaintiff is highly disappointed and hurt that his district attorneys have treated him this way because he knows that they are better than this and he has told Mark Wildasin that he is better than this They had the chance to do the right thing by supporting and defending the constitution instead of "defending" 3 defendants that do not care about what happens to these attorneys

13 Defendant Mark Wildasin is potentially in violation of criminal statutes such as

   a. By willfully depriving the plaintiff of his Constitutional rights, Defendant Wildasin has violated 18 U S C § 242 By knowingly and willfully making misleading statements, such as claiming he could have relief in an Article I court for non-monetary compensation, Defendant Wildasin has violated 18 U S C § 1001 By coordinating with others, such as the U.S. Attorney and other Department of Justice Attorney's, Defendant Wildasin has violated 18 U S C § 371. By retaliating against the Plaintiff's 1st Amendment rights and repeatedly trying to block the guaranteed Republican Form of Government, Defendant Wildasin has violated 18 U.S.C § 401

   b. The judicial power of this court shall not be construed to deny and disparage the plaintiff's right to have Defendant Wildasin referred for prosecution for violating the statutes mentioned above. The plaintiff reserves the power under the 10th amendment to demand criminal referral for violations of these statutes

14 Defendant Braden Boucek has violated his oath, denied a republican form of government, and may be guilty of crimes such as

   a. As the United States Attorney for the Middle District of Tennessee, Defendant Boucek is complicit in facilitating the alleged constitutional violations listed above. By aiding and abetting Defendant Wildasin, Defendant Boucek is in violation of 18 U S.C § 2

   b. The judicial power of this court shall not be construed to deny and disparage the plaintiff's right to have Defendant Boucek referred for prosecution for violating the statutes mentioned above. The plaintiff reserves the power under the 10th amendment to demand criminal referral for violations of these statutes.

15 These actions collectively deny the republican form of government The Plaintiff as a citizen has suffered harm such as denial and disparagement of enumerated rights and retained rights under the 9th amendment, such as the retained rights that shall not be denied or disparaged in a republican form of government, upon the usurpation of powers not reserved for the United States by the 10th amendment.

## CAUSES OF ACTION

Count I: Violation of Article IV, Section 4 – Denial of Republican Form of Government
16. Defendants' actions deny a republican form of government by breaching their oaths and undermining the constitutional rights of the governed. This guarantee shall not be construed to deny or disparage the Ninth Amendment right to seek remedy, entitled to Fifth Amendment equal protection

Count II: Violation of the 9th Amendment – Disparagement of Retained rights (Wildasin)
17. The Ninth Amendment prohibits construing enumerated rights to deny others retained by the people. Defendant Wildasin's actions disparage the retained right to Constitutional remedy. Each violation is a per se disparagement

Count III: Violation of the Tenth Amendment – Usurpation of Reserved Powers (Wildasin)
18. The Tenth Amendment reserves to the States and the people all powers not delegated. By denying the Republican form of Government, Defendant Wildasin has usurped powers not delegated, breaching the Tenth Amendment. Each violation is a per se usurpation

Count IV: Violation of the Ninth Amendment – Disparagement of Retained Rights (Boucek)
19. The Ninth Amendment prohibits construing enumerated rights to deny others retained by the people. Defendant Boucek's actions have aided Defendant Wildasin to disparage the retained right to constitutional remedy.

Count V: Violation of the Tenth Amendment – Usurpation of Reserved Powers (Boucek)
20. Defendant Boucek has usurped powers not delegated, breaching the Tenth Amendment by aiding Defendant Wildasin in an attempt to deny a guaranteed Republican form of Government.

Count VI: Violation of 5 U.S.C. § 3331 – Oath of Office (Wildasin)
21. Defendant Wildasin, as the Assistant U.S. Attorney, swore under 5 U.S.C. § 3331 to "support and defend the Constitution." He has instead attacked the constitution, construed Article III to deny guaranteed rights, and failed to support, defend, or even cite the constitution without construing it in an unconstitutional manner

Count VII: Violation of 5 U.S.C. § 3331 – Oath of Office (Boucek)
22. Defendant Boucek, as a U.S Attorney, swore under 5 U.S.C. § 3331 to "support and defend the Constitution." He complicitly supported [struck through: Wildasin's] violations, breaching his oath and denying republican form

PRAYER FOR RELIEF

Plaintiff prays

A. DECLARE that the power to enforce the Guarantee Clause (Article IV, Section 4) via nullification is retained by the People under the Ninth Amendment and reserved to the People under the Tenth Amendment;

B DECLARE that Defendants' material oath breaches (¶¶ 13–15) nullify their offices and all authority derived therefrom for denying a republican form of government under Article IV, Section 4,

C. DECLARE that no act by a nullified officer (filing, appearance, opposition, or other official conduct) has legal effect until proper accountability is enforced;

D ORDER referral of Defendants Wildasin and Boucek to the appropriate authorities (U S Attorney's Office, DOJ Office of Professional Responsibility, Tennessee Board of Professional Responsibility, or other) for investigation of potential criminal violations arising from their actions, including but not limited to 18 U.S.C § 242 (deprivation of rights under color of law), § 1001 (false statements), § 401 (criminal contempt), § 371 (conspiracy to defraud the United States), and § 2 (aiding and abetting),

E DECLARE that the judicial power of this Court shall not be construed to deny or disparage Plaintiff's retained right and reserved power to have Defendants referred for criminal prosecution,

F ENJOIN Defendants from any further denial of republican form of government, retaliation against Plaintiff's retained rights or reserved powers, or violations of their oaths of office, including any additional filings or actions that construe the Constitution to deny or disparage Plaintiff's rights;

G. RETAIN JURISDICTION over this case to enforce the judgment, ensure compliance, and address any further violations, including any attempts to ignore or obstruct this order,

H AWARD Plaintiff costs associated with this action, including time and effort as a pro se litigant, pursuant to the Court's inherent authority and 28 U.S C § 1920, due to Defendants' frivolous and bad-faith conduct;

I GRANT such other and further relief as the Court deems just and proper to fully enforce the Guarantee Clause, Ninth Amendment, Tenth Amendment, and oaths of office, ensuring the republican form of government is not denied or disparaged.

JURY TRIAL DEMANDED on the fact of material oath breach.

Respectfully submitted,

Bryce Plumb
Presidential Candidate -
Sovereign Constitutionalists 2040

*"Thus he shewed me: and, behold, the Lord stood upon a wall made by a plumbline, with a plumbline in his hand.*

*And the Lord said unto me, Amos, what seest thou?*

*And I said, A plumbline. Then said the Lord, Behold, I will set a plumbline in the midst of my people Israel: I will not again pass by them any more."* - Amos 7:7-8

615-720-0238
bryce.plumb1@gmail.com
PO BOX 111042
Nashville, TN 37222-9998

Pro Se Plaintiff
Dated: February 5, 2026

*[Signature: Bryce Plumb]*



Bryce Plumb
PO Box 111042
Nashville, TN
37222-4998

Clerk's Office
719 Church St. Suite 1300
Nashville, TN 37203

RECEIVED
FEB 11 2026
U S DISTRICT COURT
MIDDLE DISTRICT OF TN