UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRYCE PLUMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:26-cv-00145 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| BRADEN BOUCEK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 56, "R&R") of the Magistrate Judge, which recommends that the Court grant the motion to dismiss (Doc. No. 16, "Motion") filed by Defendants, Braden Boucek and Mark Wildasin, and dismiss the complaint (Doc. No. 1, "Complaint") of *pro se* Plaintiff, Bryce Plumb, with prejudice and without leave to amend. Plaintiff filed objections (Doc. No. 57, "Objections")[2] to the R&R.[3] Defendants filed a response (Doc. No. 58) to the Objections.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Notably, Plaintiff styled the Objections as a "Federal Rule 72(b) Motion and Motion for Contempt of Court." (Doc. No. 57 at 1). Despite Plaintiff's styling of the filing at Docket No. 57 as being two motions, the Court (to Plaintiff's benefit) has construed this filing as a whole not as two motions, but rather as objections to a report and recommendation (i.e., the R&R) as contemplated by Fed. R. Civ. P. 72(b)(2). Accordingly, the Court will direct the Clerk to terminate the filing at Docket No. 57 as a motion.

Finally, although Plaintiff requests in the Objections that the Court hold the Magistrate Judge in "contempt of court" (Doc. No. 57 at 9-10), the Court discerns absolutely no basis to do so, and this request is denied.

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 57) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

For the reasons stated herein, the Court will adopt the R&R in full, grant the Motion, and dismiss Plaintiff's Complaint with prejudice and without leave to amend.

## BACKGROUND

Plaintiff filed his Complaint on February 11, 2026, and named as Defendants Braden Boucek, in his official capacity as United States Attorney for the Middle District of Tennessee, and Mark Wildasin, in his official capacity as an Assistant United States Attorney in the Middle District of Tennessee. On April 2, 2026, Defendants filed the Motion (Doc. No. 16), therein seeking the dismissal of the Complaint. Plaintiff filed a response (Doc. No. 21) in opposition to the Motion.

After Plaintiff paid the filing fee, this action was referred to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 27). On August 31, 2026, the Magistrate Judge issued the R&R which, as noted above, recommends that the Motion be granted and that this matter be dismissed with prejudice and without leave to amend. The Magistrate Judge specifically reasoned:

> The claims against Boucek and Wildasin fail because [Boucek and Wildasin] are entitled to absolute prosecutorial immunity. Absolute prosecutorial immunity "is a narrow, but powerful, protection given to prosecutors when they act as advocates participating in or preparing for a judicial proceeding." *Smith v. Wayne Cnty., Michigan*, 147 F.4th 613, 619 (6th Cir. 2025). "The analytical key to prosecutorial immunity ... is advocacy—whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc) (citation omitted). When a prosecutor acts as an advocate participating in a judicial proceeding, he holds absolute immunity from suit. *Imbler v. Pachtman*, 424 U.S, 409, 430-31 (1976)[.] Absolute immunity does not apply when a prosecutor performs only "administrative" or "investigative" functions. *Id.* (citation omitted). The focus should always be on the function the prosecutor is performing. *See B.S. v. Somerset County*, 704 F. 3d 250, 270 (3d Cir. 2013).
>
> [In this action] Plaintiff alleges that Boucek and Wildasin violated his rights via their motion practice in [an] earlier case [(Case No. 3:25-cv-01248)], specifically,

> by filing a response in opposition to Plaintiff's motion for early default judgment, by opposing Plaintiff's motion to strike that opposition and his request for Rule 11 sanctions, and by filing a notice of filing [regarding] some of Plaintiff's emails to Wildasin and some of Plaintiff's social media posts about the earlier case. In this case, Boucek and Wildasin were wholly acting in their role as defensive advocates for the federal defendants in the earlier filed case and as a result, they are absolutely immune from suit.

(Doc. No. 56 at 5-6).[4] The Magistrate Judge also reasoned that, given Defendants' prosecutorial immunity, "the Complaint should be dismissed without leave to amend." (*Id.* at 6).

Plaintiff subsequently filed his Objections (Doc. No. 57) to the R&R on September 14, 2026. Defendants then filed a response (Doc. No. 58) to the Objections.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

---

[4] Of note, although the R&R reasoned that Defendants are entitled to *prosecutorial* immunity, referring to this kind of immunity as *prosecutorial* immunity in the circumstances of the instant case is something of misnomer. Why? Because Defendants were not acting as prosecutors when undertaking the actions that gave rise to the instant suit. Instead, Defendants were serving as *civil defense* attorneys. Nevertheless, as the Sixth Cicuit has recognized, "government attorneys who undertake the defense of a civil suit enjoy the same absolute immunity as that enjoyed by government prosecutors." *Al-Bari v. Winn*, 907 F.2d 150 (6th Cir. 1990). *See also Portnov v. Readler*, No. 1:20-CV-475, 2020 WL 4042774, at *3 (S.D. Ohio July 2, 2020) (same), *report and recommendation adopted,* No. 1:20-CV-475, 2020 WL 4039298 (S.D. Ohio July 17, 2020). So, although not serving as *prosecutors* during the events that gave rise to the instant action, Defendants might be and—consistent with the Court's adoption of the R&R herein—*actually are* entitled to something that is in substance the same as prosecutorial immunity.

For this reason, and because the R&R discusses Defendants' immunity in terms of prosecutorial immunity, the Court discusses the issue of Defendants' immunity in terms of "prosecutorial immunity" despite recognizing that Defendants were not acting as prosecutors when undertaking the actions that gave rise to the instant suit.

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985)).

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. *See* L.R. 72.02(a). Significantly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). In other words, "the district court need not provide *de novo* review," or any other type of review, "where the objections are '[f]rivolous, conclusive or general,'" and therefore improperly made. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). *See also Ashraf*, 322 F. Supp. 3d at 881 ("The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made."); *Benson*, 2018 WL 6322332, at *3 (same).

District courts frequently face objections to reports and recommendations of magistrate judges that are difficult to understand or to parse. When this happens, district courts have overruled

objections that they characterize as "incoherent," or "nonsensical," and have found that such objections do not require a *de novo* review of a magistrate judge's recommendation. *See e.g., Gossett v. Speer*, No. 3:24-CV-06039-BJR, 2025 WL 754317, at *1 (W.D. Wash. March 10, 2025) (noting that petitioner's "nonsensical, inapplicable, unsupported, and/or frivolous objections, [do not] trigger the *de novo* review requirement."); *Meade v. Boone*, No. 1:21-CV-6, 2021 WL 5810577, at *1 (W.D. Mich. Dec. 7, 2021) (finding that nonsensical statements did not constitute "specific objections that warrant *de novo* review."); *United States v. Hakim*, No. 1:18-CR-00126, 2018 WL 4791085, at *3 (N.D. Ga. Oct. 4, 2018) (noting that a party's objections to an R&R were "were largely incoherent" and thus not warranting *de novo* review). The approach of these district courts makes sense because, after all, it is difficult to conceive of incoherent or otherwise nonsensical statements as constituting a "specific written objection" within the meaning of Fed. R. Civ. P. 72(b). Indeed, as the Sixth Circuit has noted, for an objection to be proper, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, a district judge is also not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which an incoherent or nonsensical objection is made. *See e.g., Gossett*, 2025 WL 754317, at *1; *Meade*, 2021 WL 5810577, at *1; *Ashraf*, 322 F. Supp. 3d at 881.

## DISCUSSION

Here, Plaintiff has filed Objections (Doc. No. 57) to the R&R. However, a review of the Objections reveals that these Objections are not *proper* objections to the R&R so as to trigger the requirement for the Court to conduct a review of the R&R. The Objections are composed at various points of quotations from scripture, (Doc. No. 57 at 8), assertions that prosecutorial immunity "is not real law" (*id.* at 4), and accusations that "opposing counsel and [the] Magistrate [Judge]

close[d] their eyes to the Constitution and the law, seeking to subvert the foundation of our written Constitution." (*Id.* at 9). Many portions of the Objections are disjointed and nonsensical. The upshot is that the Objections are for the most part "vague, general, or conclusory objections," that are "tantamount to a complete failure to object." *Frias*, 2019 WL 549506, at *2. *See also Mira*, 806 F.2d at 637 ("the district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'"). That is to say, with one exception, the Objections are plainly not the specific written objections contemplated by Fed. R. Civ. P. 72(b). *See e.g., Gossett*, 2025 WL 754317, at *1 ("nonsensical, inapplicable, unsupported, and/or frivolous objections, [do not] trigger the *de novo* review requirement."); *Meade*, 2021 WL 5810577, at *1 (finding that nonsensical objections are "not specific objections that warrant *de novo* review."); *Hakim*, 2018 WL 4791085, at *3 (noting that a party's objections to an R&R were "were largely incoherent" thus not warranting *de novo* review). Therefore, finding that all but one of Plaintiff's Objections are improper, the Court will not review the R&R (*de novo* or under any other standard) on the basis of those improper Objections. *Frias*, 2019 WL 549506, at *2 ("The failure to raise proper objections is equivalent to filing no objections at all and releases the Court from its duty to independently review the record.").

With that said, Plaintiff has lodged one proper objection to a portion of the R&R, and the Court will review this portion of the R&R *de novo*. The R&R states that this action is a "pro se 42 U.S.C. § 1983 action." (Doc. No. 56 at 1). However, just as Plaintiff states in the Objections (Doc. No. 57 at 8-9), and just as Defendants concede (Doc. No. 58 at 4), Plaintiff "did not allege violations of 42 U.S.C. § 1983." (*Id.*). Accordingly, the Court declines to adopt the R&R to the extent that it characterizes this action as a "42 U.S.C. § 1983 action." (Doc. No. 56 at 1). However,

that declination does not impair the R&R's analysis as to prosecutorial immunity or the recommended dismissal of the Complaint.

CONCLUSION

For the reasons stated in a footnote above, the Clerk is **DIRECTED** to terminate the filing at Docket No. 57 as a motion.

Absent proper objection, the R&R (Doc. No. 56) is adopted and approved, with the caveat that the Court declines to adopt the R&R to the extent it characterizes this action as a "42 U.S.C. § 1983 action." (Doc. No. 56 at 1). Therefore, the Motion (Doc. No. 16) is **GRANTED**, and this action is **DISMISSED** with prejudice and without leave for Plaintiff to amend his Complaint.[5]

Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[5] Of note, in the Objections Plaintiff also seems to have advanced objections pursuant to Fed. R. Civ. P. 72(a) to the Magistrate Judge's *denial* (as opposed to *recommendation* of denial) of several of Plaintiff's motions. (Doc. No. 56 at 6 ("Plaintiff has filed eight miscellaneous motions. Docket Nos. 7, 11, 13, 23, 34, 45, 50, 53-54. Considering the above holding, Plaintiff's motions are **DENIED AS MOOT**."); Doc. No. 57 at 11). Given the Court's adoption of the R&R and the Court's dismissal of this action, all of Plaintiff's objections to the Magistrate Judge's denial of Plaintiff's motions have been rendered moot.